IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linda M. Guyton, ) | |
| ) | C/A No.: 6:06-2253-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Linda M. Guyton filed an application for supplemental security income on February 28, 2005, alleging disability commencing in 1992 because of asthma, a ruptured disc, tendinitis, varicose veins, emphysema, a cyst on her left knee, deafness in her left ear, partial blindness in her left eye, arthritis in her spine, and diabetes. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on March 3, 2006. On March 28, 2006, the ALJ issued a decision that Plaintiff was not entitled to supplemental security income under section 1614(a)(3)(A) of the Social Security Act. The decision of the ALJ became the "final decision" of the Commissioner on June 6, 2006, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe. On April 25, 2007, the Magistrate Judge filed a Report of Magistrate Judge in which he determined that the ALJ failed to apply the proper legal standards. The Magistrate Judge found that the ALJ erred in his analysis of Plaintiff's credibility

and in the manner he evaluated the opinion of Dr. Charles Thompson. The Magistrate Judge recommended that the case be remanded for further proceedings. No party filed objections to the Report of Magistrate Judge.

The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report of Magistrate Judge and incorporates it herein by reference. Accordingly, the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action as set forth herein and in the Report of Magistrate Judge.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

May 16, 2007